**Thomas John HEILMAN,**
**Plaintiff-Appellant,**

v.

**Todd WASKO, Defendant-Appellee.**

No. 15-17549

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2017 *

Filed April 25, 2017

Thomas John Heilman, Pro Se

David Charles Goodwin, Esquire, Deputy Attorney General, AGCA-Office of the California Attorney General, Sacramento, CA, for Defendant-Appellee

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Thomas John Heilman, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Heilman's retaliation claim against defendant Wasko stemming from the filing of a rules violation report

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

because Heilman failed to raise a genuine dispute of material fact as to whether Wasko's action was taken with a retaliatory motive or did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim in the prison context).

The district court properly dismissed Heilman's retaliation claims against Wasko regarding the three 128-B general chronos because Heilman did not properly exhaust his administrative remedies by submitting a timely grievance regarding the general chronos. See Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that the "PLRA exhaustion requirement requires proper exhaustion").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. See Padgett v. Wright, 587 F.3d 983, 985 n.2 (9th Cir. 2009); see also Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.